# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:06-cv-00471-W

| | |
|---|---|
| RANDOLPH HUNT, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. )<br>) | **ORDER** |

THIS MATTER is before the Court pursuant the Government's Motion for Summary Judgment (Doc. No. 9), filed February 16, 2007. Following an Order by this Court directing the *pro se* Petitioner Randolph Hunt to respond, Petitioner timely filed a response with several exhibits (Doc. No. 12) on March 16, 2007. For the reasons set forth herein, the Court GRANTS the Government's Motion.

### BACKGROUND

In case number 3:02-cr-00199, Petitioner Randolph Hunt, a/k/a Ren, and two other individuals were indicted by the Grand Jury for the Western District of North Carolina on September 10, 2002, for conspiracy to possess with intent to distribute at least five kilograms of cocaine and fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841 and 846 (Count One). Petitioner was also charged with two counts of possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841 (Counts Four and Five). Thereafter, on September 16, 2002, the Government filed an Information pursuant to 21 U.S.C. § 851 notifying Petitioner and the Court that Petitioner would be subject to enhanced penalties at sentencing based on prior felony drug convictions. The Government filed an Amended Information pursuant to 21

U.S.C. § 851 on October 1, 2002 and an Information pursuant to 21 U.S.C. § 841(b) setting forth the types and amounts of controlled substances charged in Counts One, Four, and Five of the indictment.

On December 30, 2002, Petitioner entered into a written plea agreement with the Government wherein he agreed to plead guilty to the drug conspiracy offense charged in Count One of the indictment. (See Doc. No. 39 in case number 3:02-cr-00199, hereinafter "Plea Agreement"). The Plea Agreement memorialized Petitioner's understanding that he faced a statutory maximum of life, (id. ¶ 3), and his agreement that the amount of cocaine base that was known to or reasonably foreseeable to him was in excess of 1.5 kilograms, yielding a base offense level of 38, (id. ¶ 4). Also, by the terms of the Plea Agreement, Petitioner stipulated that there was a factual basis for his plea of guilty and that the offense conduct described in the PSR could be used to establish a factual basis for Petitioner's plea. (Id. ¶ 11). Furthermore, in exchange for the concessions made by the Government as part of the plea agreement, Petitioner waived the majority of his rights pertaining to the direct appellate and collateral review of his conviction and sentence on any grounds other than ineffective assistance of counsel or prosecutorial misconduct. (Id. ¶ 16).

On January 14, 2003, Petitioner appeared before the magistrate judge, along with court-appointed counsel Steven T. Meier, and tendered his guilty plea to Count One of the indictment. At that time, the Court engaged Petitioner in its standard, lengthy colloquy to ensure that his guilty plea was being tendered knowingly, intelligently and voluntarily. (See Doc. No. 48 in case number 3:02-cr-00199, hereinafter "Entry and Acceptance of Guilty Plea"). Petitioner, under oath, acknowledged the terms of his plea agreement (including all waivers therein), acknowledged his guilty plea was knowing and voluntary and a result of consultation with counsel; acknowledged that he was satisfied with the services of his attorney, and acknowledged that he understood and agreed

to the terms of the Plea Agreement.

After considering Petitioner's representations and answers at the Rule 11 proceeding, the Court found that Petitioner's plea was knowingly and voluntarily made with an understanding of the charge, potential penalties, and consequences of the plea. The Court, therefore, accepted Petitioner's plea.

On July 30, 2003, the probation office completed the PSR in preparation for Petitioner's sentencing hearing. In the PSR, the Probation Officer began with an offense level of 38, as agreed in the Plea Agreement, and enhanced Petitioner's offense level by two levels for the possession of a firearm during the conspiracy, yielding an adjusted offense level of 40. The Probation Officer then reduced Petitioner's offense level by three levels for acceptance of responsibility, yielding a total offense level of 37, which, when combined with a criminal history category of VI, yielded a Guidelines range of imprisonment of 360 months to life. However, according to the statutory provisions of 21 U.S.C. §§ 841(b)(1)(A) and 851, the term of imprisonment was life. See also U.S.S.G. § 5G1.1(a) (because the statutory minimum sentence of imprisonment was greater than the maximum of the guideline range, the guideline term of imprisonment became life.).

At sentencing, counsel for Petitioner noted an objection for the record, whereby he argued that using Petitioner's criminal history in the § 851 notice and the same criminal history set forth in the PSR constituted double counting. Counsel, however, admitted he could find no case law to support his objection. The Court adopted the PSR, noting that Petitioner's offense level was 37 and that his criminal history catagory was VI. The Government, however, withdrew its § 851 notice, thereby reducing Petitioner's statutory sentence from life imprisonment to the Guidelines range of 360 months to life imprisonment. The Court sentenced Petitioner to 360 months in prison, and

judgment was entered accordingly on July 1, 2004. (See Doc. No. 89 in case number 3:02-cr-00199).

On appeal, Petitioner's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there were no meritorious grounds for appeal. Petitioner submitted a *pro se* brief directly to the Fourth Circuit in support of his appeal, arguing that the district court committed sentencing errors under United States v. Booker, 543 U.S. 220 (2005). On November 14, 2005, the Fourth Circuit Court of Appeals, in an unpublished opinion, affirmed Petitioner's conviction and sentence. United States v. Hunt, No. 04-4529, slip op. at 3 (4th Cir. Nov. 14, 2005). The Appellate Court rejected Petitioner's *pro se* claims, opining that there was no Booker error "because [Petitioner] admitted to the amount of drugs used in calculating his sentence," (id. at 2), and, further, that there was no Sixth Amendment violation "because [Petitioner's] sentence did not exceed the maximum authorized by the facts of the offense to which he pled guilty," (id. at 3). That is, without the enhancement, Petitioner's offense level would have been 38 with criminal history category VI resulting in a sentencing range of 360 months to life in prison, the same sentencing range applied by the district court. Petitioner did not file a petition for writ of certiorari in the United States Supreme Court.

On November 9, 2006, Petitioner filed the pending Motion to Vacate pursuant to 28 U.S.C. § 2255 setting forth several grounds he contends justify vacating his present sentence. In addition to responding to the petition (Doc. No. 8), the Government filed a motion for summary judgment (Doc. No. 9). In response to the Government's motion, the Court issued an order advising Petitioner to submit evidence, including affidavits or declarations, in support of his position within thirty days from the Court's order. (Doc. No. 10). Petitioner timely responded to the motion to dismiss (Doc.

No. 12). Accordingly, this matter is now ripe for ruling.

ANALYSIS

The Government first argues that Petitioner is procedurally barred from relief under 28 U.S.C. § 2255 on all of his claims. It is well-settled that issues previously decided on direct appeal from conviction cannot be recast in the form of a § 2255 motion. See United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004), cert. denied, 546 U.S. 810 (2005); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (explaining that defendant cannot relitigate issues previously rejected on direct appeal); see also Stone v. Powell, 428 U.S. 465, 494 (1976); Davis v. United States, 417 U.S. 333, 342 (1974); Sanders v. United States, 373 U.S. 1, 18 (1963); United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (the law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court"); United States v. Emanuel, 869 F.2d 795, 796 (4th Cir. 1989).

In addition to counsel's Anders brief, Petitioner filed a *pro se* supplemental brief with the Fourth Circuit, which challenged his 360 month sentence under United States v. Booker, 543 U.S. 220 (2005), because the district court sentenced him using a drug quantity of more than 1.5 kilograms of cocaine base, when it only had evidence of 148 grams of cocaine base. The Fourth Circuit rejected this claim, holding that no Booker error existed because Petitioner admitted to being responsible for more than 1.5 kilograms of cocaine base. Hunt, No. 04-4529, slip op. at 2 (4th Cir. March 20, 2006). The record further shows that Petitioner alleged in his *pro se* supplemental brief that the district court erred by enhancing his sentence two offense levels for use of a dangerous weapon. The Appellate Court likewise rejected this claim, holding that no Sixth Amendment violation occurred and the district court did not commit plain error because Petitioner's sentence did

not exceed the maximum authorized by the facts of the offense to which he pled guilty. Id. at 3. In addressing the claims of ineffective assistance of counsel in negotiating Petitioner's plea agreement, the Fourth Circuit rejected this claim, stating that Petitioner failed to meet his high burden to prove the claim. Id. The issues raised in Petitioner's Motion to Vacate pursuant to § 2255 are identical to those raised before and ruled on by the Fourth Circuit Court of Appeals. Consequently, the Fourth Circuit's decision bars subsequent review of Petitioner's claims by this Court.

Additionally, the Government contends Petitioner's § 2255 claims are barred because Petitioner waived several rights in his plea agreement, including his right to attack his conviction and sentence in a post-conviction proceeding, including a collateral attack under 28 U.S.C. § 2255. Such a waiver is enforceable long as the defendant waives this right knowingly and voluntarily. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary.").

Petitioner, however, alleges the Court erred in conducting the Petitioner's Rule 11 inquiry and guilty plea hearing by questioning Petitioner simultaneously with other defendants, and that his plea was thereby involuntary. While not the preferred procedure, collective questioning of multiple defendants satisfies the requirements of Rule 11. See United States v. Hobson, 686 F.2d 628, 629 (8th Cir. 1982); United States v. Fels, 599 F.2d 142, 145-46 (7th Cir. 1979). Second, the record shows that Petitioner was sworn and answered all questions propounded to him by the Court under oath. Petitioner is bound by the statements he made during the plea colloquy. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); Via v. Supt., Powhatan Corr. Center, 643 F.2d 167, 171 (4th Cir. 1981) (Statements of

the accused during the entering of a guilty plea which show the voluntary and knowing nature of the defendant's actions are conclusive absent some compelling reason why they should not be believed.). Here, Petitioner has shown no "compelling reason" to support the Court's conclusion his statements made during the guilty plea colloquy should not be believed. Finally, the Court is not required to find a factual basis for the guilty plea during the Rule 11 Inquiry. See Fed. R. Crim. P. 11(b)(3) (factual basis determination must be made before entering judgment, not necessarily before accepting guilty plea). Further, pursuant to the plea agreement, the parties agreed to defer the factual basis until the time of sentencing. (See Plea Agreement ¶ 11(a).)

Furthermore, Petitioner has not shown any reason why his guilty plea should not bind him. The standard for determining the validity of a guilty plea is whether, when viewed under the totality of the circumstances, the guilty plea represents a knowing, voluntary, and intelligent "choice among the alternative courses of action open to the defendant." Burket v. Angelone, 208 F.3d 172, 189-90 (4th Cir. 2000) (citing North Carolina v. Alford, 400 U.S. 25, 31 (1970)); see also United States v. Araiza, 693 F.2d 382, 384 (5th Cir. 1982) (The core requirements of a validly accepted plea of guilty are "(1) that the defendant understand the charges against him, (2) that he know and understand the direct consequences of his plea, and (3) that his plea be entirely free of coercion."). "A guilty plea means something. It is not an invitation to a continuing litigation dialogue between a criminal defendant and the court." Murray v. United States, 145 F.3d 1249, 1254 (11th Cir. 1998). A defendant's statements at a Rule 11 hearing that he was neither coerced nor threatened constitute "strong evidence of the voluntariness of his plea." United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991), cert. denied, 503 U.S. 997 (1992). Simply put, Petitioner is bound by the statements he made during the plea colloquy. "Solemn declarations in open court carry a strong presumption of

verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977). As the Fourth Circuit has recognized, statements of the accused during the entering of a guilty plea which show the voluntary and knowing nature of the defendant's actions are conclusive absent some compelling reason why they should not be believed. Via v. Supt., Powhatan Corr. Center, 643 F.2d 167, 171 (4th Cir. 1981).

Here, Petitioner has shown no such "compelling reason." Further, the fact that Petitioner knowingly and voluntarily signed the plea agreement and knowingly and voluntarily entered a guilty plea to Count One of the indictment is buttressed by Mr. Meier's affidavit wherein Mr. Meier states that he fully reviewed Petitioner's options with him, that Petitioner wanted to enter the plea agreement and wanted to plead guilty, and that Petitioner did so knowing the possible outcomes and the risks. (Doc. No. 9-11 ¶¶ 2-3, 6-7).

Based on the Petitioner's Plea Agreement, his signature on the Entry and Acceptance of Guilty Plea, and the finding by the Fourth Circuit that his challenge to the validity of his guilty plea was without merit, Petitioner knowingly and voluntarily waived his right to attack his conviction or sentence in any collateral proceeding, including a motion under 28 U.S.C. § 2255. (See Plea Agreement ¶ ¶ 12-19). Therefore, Petitioner's attack on his guilty plea and his claims of an erroneous sentence are barred from consideration under 28 U.S.C. § 2255.

Turning next to Petitioner's claims of ineffective assistance of counsel, the Government argues Petitioner has failed to meet his burden of proof and that it is entitled to judgement as a matter of law. In order to prevail on a claim of ineffective assistance of counsel pursuant to § 2255, Petitioner must first establish a deficient performance by counsel and, second, that the deficient

performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. See id. at 689; see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983); Marzullo v. Maryland, 561 F.2d 540, 543 (4th Cir. 1977). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1430-31). If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Fields, 956 at 1290 (citing Strickland, 466 U.S. at 697). More critically, in the context of a guilty plea, as herein, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988); accord Hill v. Lockhart, 474 U.S. 52, 59 (1985); Fields, 956 F.2d 1297.

In support of his claims of ineffective assistance of counsel, Petitioner asserts the following: (1) his attorney was ineffective in plea negotiations; (2) his attorney coerced and misled him into signing a plea agreement and pleading guilty to more drugs than charged in the indictment; (3) his attorney failed to "orchestrate" the Rule 11 inquiry; (4) his attorney failed to challenge the Government's alleged misconduct in withdrawing the § 851 notice; (5) his attorney failed to object to the disparity in the treatment of crack cocaine and cocaine base at sentencing; (6) his attorney failed to object to invalid prior felony convictions; and (7) his attorney failed to object to the wrong

offense level at sentencing. Not only are the underlying assertions of error wholly without merit based on the facts of record and relevant case law,[1] but more importantly, Petitioner has failed to meet his heavy burden required to show that his counsel's failure to raise these meritless objections constitutes ineffective assistance of counsel.

First, Petitioner provides no evidence to support his claims of deficient performance in either his Motion to Vacate or in his supporting Memorandum. Secondly, he does not claim that but for counsel's alleged ineffectiveness, he would not have pled guilty and would have, instead, insisted upon going to trial. Such omission significantly undermines his ability to demonstrate that he was prejudiced in this case. Thirdly, his allegations are refuted by Mr. Meier's affidavit, which expressly states that Petitioner claimed "I'm not going to even mess with [the AUSA]." (Doc. No. 9-11, ¶ 3). Mr. Meier also swore that neither he nor the Court coerced Petitioner to plea guilty, but that Petitioner did so "in an effort to fully cooperate with [the AUSA] with the intent of receiving the benefit of his cooperation." (Id.).

Finally, it appears that Petitioner is attempting to circumvent his wavier of collateral attack of his conviction and sentence by framing his issues as ineffective assistance of counsel. This, he

---

[1] In sum, Petitioner's arguments are specious because: (1) his attorney obtained a favorable result in plea negotiations; (2) no evidence shows his attorney coerced and misled him into signing a plea agreement and pleading guilty to more drugs than charged in the indictment, and in fact, Mr. Meier's affidavit contradicts such assertion; (3) his attorney was not responsible for "orchestrat[ing]" the Rule 11 inquiry because Rule 11(b) of the Federal Rules of Criminal Procedure governs such proceedings; (4) the Government's withdrawal of the § 851 notice resulted in a substantial reduction in the sentencing range for Petitioner, reducing Petitioner's sentence from mandatory life imprisonment to a guideline range of 360 months to life imprisonment; (5) the Fourth Circuit has consistently upheld the constitutionality of the disparity in the treatment of crack cocaine and cocaine base in the Drug Quantity Table of the Sentencing Guidelines (U.S.S.G. § 2D1.1(c)), and Booker does not change this result; (6) his attorney generally objected to sentencing enhancements based on prior felony convictions, which were ultimately not used as enhancements under 21 U.S.C. § 841(b)(1)(A) because the Government subsequently withdrew its § 851 notice; and (7) the district court applied the proper offense level at sentencing.

cannot do. See United States v. Djelevic, 161 F.3d 104, 107 (2nd Cir. 1998) (a § 2255 petitioner may not avoid the effect of this forfeiture of collateral attack rights by "dress[ing] up" his sentencing challenges as purported violations of the Sixth Amendment). As to the merits of Petitioner's claims (many of which this Court has already overruled *supra*), Mr. Meier submitted an affidavit (Doc. No. 9-11) wherein he states that he fully reviewed Petitioner's options with him, that Petitioner wanted to enter the Plea Agreement and plead guilty, and that Petitioner did so knowing the possible outcomes and risks.

CONCLUSION

For the reasons stated herein, IT IS, THEREFORE, ORDERED that the Government's Motion for Summary Judgment (Doc. No. 9) is GRANTED.

IT IS SO ORDERED.

Signed: September 28, 2007

Frank D. Whitney
United States District Judge